**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0393n.06

Case No. 12-6323

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 29, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LARRY TALLENT, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| UNITED STATES OF AMERICA, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | **O P I N I O N** |

BEFORE: DAUGHTREY, McKEAGUE, and GRIFFIN, Circuit Judges.

**McKEAGUE, Circuit Judge.** Petitioner Larry Tallent appeals the district court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255, and his request for an evidentiary hearing. We affirm.

I.

On April 6, 2004, Larry Tallent had a run-in with a Tennessee Highway Patrol Trooper. Tallent had been traveling with a driver in a car that had expired tags, which was parked in the lot of a convenience store. The patrol trooper observed Tallent engaging in suspicious activity and also observed a bag of drug paraphernalia in the car. A search of the vehicle led to the trooper finding a gun, which Tallent admitted was his. Tallent also admitted that he was a drug

user and had rented a room at an adjacent motel; a search of the motel room revealed that it was full of drugs and drug paraphernalia, and was being used as a methamphetamine cooking lab.

On May 18, 2006, officers responded to a domestic disturbance call involving shots fired at the residence where Tallent lived with his then-girlfriend. The officers obtained Tallent's consent and searched the premises, finding stolen firearms, marijuana, and numerous items used for the purpose of cooking methamphetamines. As a result, a federal grand jury indicted Tallent on four counts relating to the drugs and stolen firearms. Tallent hired counsel Randy Rogers to represent him. The government offered Tallent a plea agreement, providing Tallent a release from custody and a dismissal of two counts on the condition that Tallent plead guilty to the other two counts and cooperate with the government. Under the plea agreement, Tallent faced a mandatory minimum sentence of five years and a maximum sentence of life imprisonment. Tallent signed the agreement and was released.

Tallent soon reneged on his promise to cooperate. On July 31, 2006, Tallent filed a motion to suppress the evidence seized from his residence on the basis that the search was allegedly conducted without his consent. It is undisputed by the parties that Tallent lied under oath at the suppression hearing. The district court found that the search was conducted lawfully, denied Tallent's motion to suppress, and set a trial date.

As the investigation progressed, other individuals were arrested and implicated Tallent, and so the charges facing Tallent increased. On May 8, 2007, Tallent was indicated in an eleven-count superseding indictment that contained various drug and firearm charges as well as the four charges from the original indictment. On December 18, 2007, Tallent was indicted, along with eleven other individuals, in a twenty-two count second superseding indictment that included the previous counts as well as counts for conspiracy and other drug and firearm charges.

On January 23, 2008, Tallent's counsel, Rogers, moved to withdraw on the basis that some of the co-defendants listed in the second superseding indictment created a potential conflict of interest for him. Another attorney, Dan Ripper, was appointed to represent Tallent. Tallent's trial was again rescheduled for April 29, 2008, but on April 13, 2008, Tallent was arrested on new theft, burglary, and drug charges. As a result, on April 15, 2008, Tallent's bond was revoked. Tallent's trial was subsequently rescheduled for August 19, 2008.

Tallent again changed his mind about going to trial and elected to plead guilty to eleven of the counts listed in the second superseding indictment. This new plea agreement contained a waiver, providing that Tallent would not pursue any ineffective assistance of counsel claims known to him at the time of his plea. In exchange, the government dismissed one firearm-related count which carried a mandated sentence of twenty-five years of imprisonment. Tallent was also subject to guideline enhancements for obstruction of justice based on his false testimony at the suppression hearing and for his participation in the drug ring in a leadership capacity. Tallent's Presentence Investigation Report calculated his advisory guideline range as life imprisonment, plus a mandatory consecutive 60 months for his conviction under 18 U.S.C. § 924(c).

At sentencing, Tallent's new counsel, Ripper, explained that Tallent made decisions based on the poor advice allegedly given to him by his previous counsel. Tallent testified that at the time he was offered the original plea agreement, he wanted to be released from custody, and Rogers told him that if he cooperated with the government, he could get released. When asked if he entered the plea agreement "just as a way of getting out of custody as opposed to actually following through with it," Tallent answered, "[Y]es." Sentencing Tr. at 16–17. Tallent testified that Rogers told him that they would "beat the charges." *Id.* at 17. Tallent stated he "never realized . . . how serious it was . . . [or] that I'd be sitting here in court looking at a life sentence."

*Id.* at 21. On cross-examination, however, Tallent admitted he was told that he faced a maximum of life in prison for the offenses charged in the original indictment, and that all of the decisions regarding his case were his to make. The government conceded that had Tallent followed through with the original plea agreement, "he was looking at a five-year mandatory-minimum guideline, probably would have been seven or eight years, and given what we know now about Mr. Tallent's activities, he could have done himself a favor[.]" *Id.* at 44. The district court eventually granted Tallent a two-level reduction for acceptance of responsibility, which reduced his advisory guidelines to 360 months to life imprisonment, plus the mandatory 60 months on his conviction under 18 U.S.C. § 924(c). The district court sentenced Tallent at the bottom of the guideline range to a total of 420 months, or 35 years, in prison.

Tallent then filed a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel on the basis that he followed his original counsel's advice in rejecting the original plea agreement. The district court found Tallent's claims waived, but in any event rejected Tallent's contentions that he was not aware of the seriousness of his case, noting that the maximum penalty of life imprisonment was set forth in the original plea agreement. The district court found that Tallent independently chose to stop cooperating with the government and proceed with the suppression motion, where he lied under oath. The district court concluded that Tallent failed to establish that his decision to withdraw from the original plea agreement was the product of ineffective assistance of counsel, and denied the claim without granting Tallent an evidentiary hearing. This appeal followed.

## II.

The first issue for this court to determine is whether the waiver provision listed in the plea agreement that Tallent ultimately signed precludes his right to bring his ineffective

assistance of counsel claim. The government acknowledges that it did not explicitly raise the waiver provision as an affirmative defense to Tallent's claims below. This court has noted that a failure to assert a waiver argument in the proceedings below results in a forfeiture of the right to argue waiver before the appellate court. *United States v. Harris*, 132 F. App'x 46, 48 n.2 (6th Cir. 2005); *see also United States v. Wright*, 343 F.3d 849, 867 (6th Cir. 2003) ("We do not review arguments that are raised for the first time on appeal."). We conclude that the government forfeited its right to rely on the plea agreement's waiver provision in responding to Tallent's § 2255 claim, and proceed to evaluate Tallent's claim on the merits.

The second issue for this court to determine is whether the district court correctly denied Tallent's § 2255 motion to vacate, set aside, or correct his sentence on the basis of ineffective assistance of counsel and his request for an evidentiary hearing. Ineffective assistance of counsel claims are evaluated pursuant to the familiar two-prong test of deficient performance and prejudice outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish prejudice in the context of plea bargaining, Tallent must demonstrate that his counsel's deficient performance "affected the outcome of the plea process[,]" *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), namely, he must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). The district court's decision not to hold an evidentiary hearing on a § 2255 motion is "reviewed under the abuse of discretion standard." *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003). While a petitioner's burden "for establishing an entitlement to an evidentiary hearing is relatively light[,]" *id.* at 551, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," then there is no need for an evidentiary hearing. 28 U.S.C. § 2255(b).

Tallent argues that he would not have violated the terms of the original plea agreement either had he known that he was facing a life sentence without parole or had his counsel not misadvised him that he would win his motion to suppress. But even assuming that Tallent's counsel gave him such advice and that such advice rose to the level of deficient performance, Tallent is unable to demonstrate a reasonable probability that he "would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel." *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012). Assessing whether "the result of the proceeding would have been different requires looking . . . [at] whether he would have accepted the offer to plead pursuant to the terms earlier proposed." *Id.* at 1410 (internal quotation marks omitted). The district court correctly noted that Tallent had been advised of the possibility of a life sentence at his initial appearance and that the original plea agreement stated that he faced the possibility of life in prison. The record also indicates that the only reason Tallent agreed to cooperate with the government was to secure his release from custody. Sentencing Tr. at 16–17. Tallent points to nothing in the record indicating that he ever would have cooperated with the government. Tallent therefore cannot show that there is a reasonable probability that, but for counsel's alleged misadvice, he actually would have cooperated with the government in such a way that the original plea agreement's terms would have been met and the government would not later rescind the offer. We therefore find no abuse of discretion in the district court's denial of an evidentiary hearing on Tallent's § 2255 claim.

### III.

For the reasons stated above, the judgment of the district court is AFFIRMED.