13-3601-pr
*Jeffrey Alnutt v. United States*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand fourteen.

PRESENT:    JOSÉ A. CABRANES,
            RICHARD C. WESLEY,
            PETER W. HALL,
                        *Circuit Judges.*

---

JEFFREY E. ALNUTT,

          *Petitioner-Appellant,*

v.                                                  No. 13-3601-pr

UNITED STATES OF AMERICA,

          *Respondent-Appellee.*

---

**FOR PETITIONER-APPELLANT:**        Jeffrey E. Alnutt, *pro se*, Attica NY.

**FOR APPELLEE:**        Grant C. Jaquith, Paul D. Silver, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY.

Appeal from a September 6, 2013 order of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Appellant Jeffrey Alnutt, proceeding pro se, appeals from the district court's September 6, 2013 order denying him relief pursuant to 28 U.S.C. § 2255. On January 29, 2014, we granted a certificate of appealability on the following two issues: whether Alnutt received ineffective assistance of trial counsel when his attorney failed to object at sentencing to the calculations contained in the Presentence Report regarding Alnutt's (1) base offense level, to the extent that Appellant's conviction for criminal sale of a controlled substance in the third degree could have been based on a mere offer to sell, and (2) criminal history category, to the extent that the Presentence Report indicated that Alnutt had a separate criminal conviction in April 1988 for criminal possession of a controlled substance in the third degree ("drug possession conviction"). We decline to address any other claims raised in Alnutt's brief. *See Soto v. United States*, 185 F.3d 48, 53 (2d Cir. 1999) (declining to address any claim other than the one in the COA). We also decline to consider the Government's argument, raised for the first time on appeal, that the collateral attack waiver in Alnutt's plea agreement bars him from raising his ineffective assistance claims. *See Tallent v. United States*, 567 F. App'x 343, 346-47 (6th Cir. 2014) (forfeiting defense of collateral attack waiver if not raised below); *cf. United States v. Cannady*, 126 F.3d 352, 359 (2d Cir. 1997) (forfeiting procedural default defense). The Government moves to introduce evidence of Alnutt's drug possession conviction, which it did not introduce during the district court proceedings. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

In evaluating the denial of relief under § 2255, we review findings of fact for clear error and conclusions of law *de novo*. *Scanio v. United States*, 37 F.3d 858, 859 (2d Cir. 1994). "The question of whether a defendant's lawyer's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact that is reviewed *de novo*." *United States v. Blau*, 159 F.3d 68, 74 (2d Cir. 1998).

The standards governing claims of ineffective assistance of counsel are well established. The defendant must prove both that (1) counsel's performance "fell below an objective standard of reasonableness" and (2) counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome in the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision." *Id.* at 695.

Relying on our decision in *United States v. Savage*, 542 F.3d 959 (2d Cir. 2008), Alnutt first argues that his trial counsel should have objected to the calculation of the base offense level. In that case, which was decided several months before Alnutt was sentenced, we held that a conviction under Connecticut General Statute § 21a-277(b) did not categorically qualify as a controlled

substance offense for purposes of United States Sentencing Guidelines § 2K2.1(a)(4)(A). *Id.* at 965. We reasoned that the statute plainly criminalizes "a mere offer to sell a controlled substance," which is innocent conduct under federal law. *Id.* Alnutt contends that his conviction under New York Penal Law § 220.39 similarly criminalizes a "mere offer to sell a controlled substance." But as we recently observed, unlike the Connecticut statute at issue in *Savage*, which includes within its scope fraudulent offers to sell, the New York statute criminalizes only "a bona fide offer." *Pascual v. Holder*, 723 F.3d 156, 159 (2d Cir. 2013) (citations omitted). Our ruling in *Pascual* was based, in part, on a 2002 New York Court of Appeals decision interpreting the extent of liability under the statute at issue, which held "that in order to support a conviction under an offering for sale theory, there must be a bona fide offer to sell—*i.e.*, that defendant had both the intent and the ability to proceed with the sale." *People v. Samuels*, 99 N.Y.2d 20, 24 (2002) (quotations and citation omitted). Therefore, any objection relying on *Savage* would have been futile because a "decisionmaker . . . impartially applying the standards that govern the decision" would have found that the two statutes are distinguishable based on the holding in *Samuels*. *Strickland*, 466 U.S. at 695.

With respect to the criminal history calculation, Alnutt argued below that there was insufficient evidence to establish his criminal conviction for the possession of narcotics. In support, he provided his official criminal history record maintained by the New York State Division of Criminal Justice Services that showed he was "not arraigned" on his drug possession offense and that, in April 1988, he had been sentenced only on his bail jumping conviction. The Government did not oppose this claim below, which was raised for the first time in the District Court in Alnutt's reply to the Government's opposition, and it now seeks to introduce evidence of his conviction on appeal. That evidence includes a handwritten note from the Onondaga County Clerk's Office to the Probation Department attaching, *inter alia*, the state court minutes showing that Alnutt pleaded guilty to the drug possession offense and his certificate of commitment on that offense.

Generally, we review only material that is part of the record below, which includes the papers and exhibits filed in the district court, transcripts of proceedings, and a certified copy of the district court docket entries. Fed. R. App. P. 10(a). "Absent extraordinary circumstances, an appellate court will not enlarge the record to include evidentiary material not presented to the trier of fact." *In re MacMillan, Inc.,* 107 F.3d 3 (2d Cir. 1997). However, Rule 10(e)(2) provides that, "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified" by this Court. Fed. R. App. P. 10(e)(2)(C). To supplement the record pursuant to Rule 10(e)(2), a party must "provide evidence of an erroneous or accidental omission of material evidence." *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 592 n.4 (2d Cir. 2006). Pursuant to Rule 10(e), we may also on our "own initiative" direct supplementation of the record if the materials "bear heavily on the merits of appellant's claim" and that claim was presented for the first time on appeal. *United States v. Aulet*, 618 F.2d 182, 187 (2d Cir. 1980).

3

Here, the Government's motion to supplement the record should be granted. Although on appeal the Government failed to provide any reasons or evidence as to why the record should be supplemented, as is required, *see Leibowitz*, 445 F.3d at 592 n.4, we may direct supplementation on our own initiative, *see Aulet*, 618 F.2d at 187. The new material is relevant only to Alnutt's second claim, which was asserted for the first time in his reply to the Government's opposition. Alnutt's method of raising his claim was unorthodox and arguably improper.[1] *See United States v. Gigante*, 39 F.3d 42, 50 n.2 (2d Cir. 1994) ("Arguments may not be raised for the first time in a reply brief."). Nonetheless, the Government should have objected on procedural grounds or opposed the claim on its merits below—especially in light of the fact that it was given approximately a year to do so. But equity requires both sides of a controversy to "have acted fairly and without fraud or deceit as to the controversy in issue." *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814-15 (1945) (quotation marks and citation omitted). Inasmuch as the issue arises, in part, because Alnutt did not properly assert entitlement to relief in his original § 2255 motion, he should not now be able to prevent us from examining the evidence relevant to the correct adjudication of his claim.

These records demonstrate that any objection by counsel to the calculation of Alnutt's criminal history would have been frivolous. The U.S. Probation Office contacted the Onondaga County Clerk's Office to inquire about Alnutt's drug possession conviction. In response, the Clerk provided, *inter alia*, the state court minutes showing that Alnutt pleaded guilty to the drug possession offense and his certificate of commitment on that offense. In light of this evidence, which would have been introduced by the Government if trial counsel had objected to the calculation of Alnutt's criminal history during the original criminal proceedings, the District Court would have concluded that the Probation Office had sufficient facts to determine, by a preponderance of the evidence, that Alnutt had a prior narcotics conviction. As a result, this claim also fails.

We have considered Alnutt's remaining contentions in support of his two claims and his opposition to the Government's motion and find them to be meritless. Accordingly, we **GRANT** the Government's motion to supplement the record and **AFFIRM** the district court's order denying relief under 28 U.S.C. § 2255.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] This principle is even more salient in habeas proceedings because of AEDPA's one year filing deadline, which bars claims not raised in the original petition or motion if the belatedly asserted claims articulate a new ground for relief. *See Mayle v. Felix*, 545 U.S. 644, 657 (2005).