17-0987-cr
*United States v. Parker*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand eighteen.

PRESENT:  JOSÉ A. CABRANES,
 ROSEMARY S. POOLER,
 CHRISTOPHER F. DRONEY,
 *Circuit Judges.*

---

UNITED STATES OF AMERICA,

　　　　　　*Appellee,*　　　　　　　　　　　17-0987-cr

　　　　v.

KEVIN PARKER, AKA KP,

　　　　　　*Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | JESSICA FEINSTEIN, Assistant United States Attorney (Karl Metzner and Douglas S. Zolkind, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY. |
| **FOR DEFENDANT-APPELLANT:** | MARY ANNE WIRTH, Bleakley Platt & Schmidt, LLP, White Plains, NY. |

Appeal from the March 30, 2017 judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **REMANDED**.

Defendant-Appellant Kevin Parker, AKA KP ("Parker") appeals from the judgment of the District Court entered on March 30, 2017. Parker pleaded guilty to one count of being a felon-in-possession of a firearm and ammunition, and one count of being a felon-in-possession of ammunition, both in violation of 18 U.S.C. §§ 922(g)(1) and 2. The District Court sentenced Parker to 210 months' imprisonment, the top of the Sentencing Guidelines range of 168 to 210 months calculated by the Court. Parker argues that the District Court erred in finding that he had a base offense level of 26 after applying U.S.S.G. § 2K2.1(a)(1). He contends that there is no evidence in the record to support a finding that he had previously sustained two felony convictions, each of which qualifies as either a "crime of violence" or a "controlled substance offense." We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review a district court's interpretation of the United States Sentencing Guidelines de novo, but review findings of fact for clear error. *United States v. Hotaling*, 634 F.3d 725, 728 (2d Cir. 2011). Because Parker did not challenge the District Court's findings below, we review for plain error. To exercise our discretion to correct such an error, the error must not have been intentionally relinquished or abandoned; must be clear or obvious; and must affect the substantial rights of the defendant. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05 (2018). If these requirements are met, we may exercise our discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1905 (internal quotation marks omitted). A miscalculation of a guidelines range that is determined to be a plain error will ordinarily seriously affect the fairness, integrity or public reputation of judicial proceedings. *Id.* at 1907.

Section 2K2.1(a)(1) of the Sentencing Guidelines provides for a base offense level of 26 where: "(A) the offense involved a (i) semiautomatic firearm that is capable of accepting a large capacity magazine; . . . and (B) the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." Parker does not dispute that there was sufficient evidence in the record to support a finding that he had one qualifying conviction for a controlled substance offense. But he argues that there is no evidence that he had a second qualifying conviction.

In advocating for the application of this sentencing provision before the District Court, the Government represented that Parker had "at least two felony controlled substance offenses" within the meaning of Section 2K2.1(a)(1). App. Appellant 224. On appeal, however, the Government appears to concede that this is incorrect and instead argues that Parker had one qualifying controlled

substance conviction and one qualifying conviction for a "crime of violence." The Government contends that Parker was convicted of Assault in the Second Degree in violation of N.Y. PENAL LAW § 120.05 and that this conviction is a qualifying "crime of violence." But the Government concedes that only certain subsections of § 120.05 qualify as crimes of violence for the purposes of § 2K2.1(a)(1). The Government further concedes that there was no evidence in the record before the District Court that might demonstrate which particular subsection of § 120.05 served as the basis for Parker's conviction. The Presentence Investigation Report did not specify the subsection. Nor were there any documents in the record on which the District Court could rely to determine the particular subsection of conviction pursuant to *Shepard v. United States*, 544 U.S. 13 (2005). Indeed, there was simply no evidence in the record that could support the District Court's finding that Parker's conviction for Assault in the Second Degree constituted a "crime of violence" under § 2K2.1(a)(1).

Apparently realizing the deficiency in the record, the Government appends a series of documents relating to Parker's conviction for Assault in the Second Degree to its brief on appeal. None of these documents were before the District Court. Moreover, the Government relies for the first time on appeal on Parker's assault conviction to serve as the basis of the application of § 2K2.1(a)(1). "Absent extraordinary circumstances, an appellate court will not enlarge the record to include evidentiary material not presented to the trier of fact." *Alnutt v. United States*, 588 F. App'x 45, 47 (2d Cir. 2014) (internal quotation marks omitted). Accordingly, we decline the Government's invitation to review these documents on appeal.

We therefore conclude that the District Court plainly erred in applying § 2K2.1(a)(1), while recognizing "the frustration of district judges who sentence a defendant on a record to which no objection was made only to have to later revisit the matter because the government failed to do its job." *United States v. Castillo-Marin*, 684 F.3d 914, 921 (9th Cir. 2012) (internal quotation marks omitted). We remand for resentencing.

## CONCLUSION

We have reviewed the remaining arguments raised by Parker on appeal and find them to be without merit. For the foregoing reasons, we **REMAND** for resentencing consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk