UNITED STATES of America, Appellee,

v.

Ronnie SPELLS, Defendant–Appellant.

No. 06–4820–cr.

United States Court of Appeals, Second Circuit.

Feb. 29, 2008.

---

Colleen P. Cassidy, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Appellant.

Nicholas S. Goldin, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Daniel A. Braun, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Ronnie Spells was indicted on one count of possession of at least five grams cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(b)(1)(B) ("Count One"); one count of distribution and possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(b)(1)(C) ("Count Two"); one count of possessing, during and in relation to a drug trafficking offense, four loaded firearms by a convicted felon, in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Three"); one count of possession of four loaded firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count Four"); and two counts of possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) ("Counts Five and Six"). On November 10, 2005, he pleaded guilty to Counts One through Four without benefit of a plea agreement. On October 4, 2006, the District Court entered a judgment convicting him of all six counts and sentencing him principally to a term of 232 months' imprisonment.

The Government concedes that the conviction on Counts Five and Six was entered in error and should be vacated. Defendant appeals his sentence on Counts One through Four, in particular the District Court's finding that his previous convictions as a youthful offender contributed

to determining that Spells qualified as a "career offender" under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 4B1.1 (a). We assume the parties' familiarity with the facts and the procedural history of the case.

A defendant is classified as a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1 (a). Spells argues that his two youthful offender adjudications—both for the criminal sale of a controlled substance in the third degree, N.Y. Penal L. § 220.39—should not be considered previous felonies within the meaning of U.S.S.G. § 4B1.1 because both resulted in a probationary sentence, which was entered on April 30, 1997. Spells was resentenced on September 23, 1998 to one to three years' imprisonment following a violation of that sentence of probation. The Guidelines define "prior felony conviction" as

> a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, *regardless of whether such offense is specifically designated a felony and regardless of the actual sentence imposed* .... A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted....

U.S.S.G. § 4B1.2 Application Notes (emphasis added). Although defendant was sentenced to a term of probation on April 30, 1997, the underlying offenses are Class B felonies punishable by 1 to 9 years imprisonment. N.Y. Penal L. § 70.70(2)(a)(i).

Defendant also argues that he received a probationary sentence as a youthful offender rather than as an adult and therefore these youthful offender adjudications should not be considered adult convictions. We have previously observed that, when evaluating whether a youthful offender adjudication should be counted for the purpose of Guideline calculations, we should not base our determination on "whether New York calls it a conviction, but rather ... look to the substance of the proceeding." *United States v. Jones*, 415 F.3d 256, 263 (2d Cir.2005). In *Jones*, we determined that the youthful adjudications of an offender who was sentenced in an adult forum and received and served a sentence in an adult prison should be deemed "adult convictions." *Id.* at 264. In the instant case, when defendant was sentenced in Supreme Court in Queens, he received a sentence of probation that was monitored by the adult probation system, and when he violated that probation, he served his sentence in an adult facility. Pursuant to our decision in *Jones*, defendant's conviction qualifies as an adult conviction. *See also United States v. Pereira*, 465 F.3d 515, 522 (2d Cir.2006) (considering "all the circumstances, with particular focus on the fact that the defendant was convicted in an adult court and served his sentence in an adult facility" when determining that a youthful offender adjudication constitutes an adult conviction).

Defendant invites us to reverse our decisions in *Jones*. We decline the invitation. Defendant provides no legal basis for such a reversal, and in any event, we are not at liberty to ignore the law of the Circuit, which can be modified only by action of the en banc court. Accordingly, we affirm the judgment of the District Court insofar as it

determines the legal consequences of Spells's youthful offender adjudication.

Upon consent of the Government, the judgment will be vacated with respect to Counts Five and Six. The judgment will otherwise be remanded in order for the Court to determine whether, in the circumstances presented, it can or should reconsider the sentence it imposed on Counts One through Four in light of the Supreme Court's decisions in *Kimbrough v. United States*, —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) and *Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

## CONCLUSION

For the reasons stated above, the judgment of the District Court is AFFIRMED in part, VACATED in part, and REMANDED to the District Court for further proceedings consistent with this order.