# United States Court of Appeals
## For the First Circuit

No. 14-1783

UNITED STATES,

Appellee,

v.

JAMES MELVIN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Howard, Chief Judge,
Lynch and Lipez, Circuit Judges.

Richard B. Klibaner, for appellant.
Randall E. Kromm, Assistant United States Attorney, with whom
Carmen M. Ortiz, United States Attorney, was on brief, for
appellee.

October 23, 2015

**LYNCH**, **Circuit Judge**.  In a previous appeal in this case, we vacated James Melvin's conviction for possession of cocaine base with intent to distribute.  United States v. Melvin, 730 F.3d 29, 40 (1st Cir. 2013).  We remanded for a new trial on the basis of a non-harmless trial error.  Id.  On retrial, Melvin was again found guilty of possession of cocaine base with intent to distribute and sentenced to 168 months of imprisonment and six years of supervised release.  On appeal, he challenges his sentence on the ground that he was erroneously sentenced as a career offender pursuant to U.S.S.G. § 4B1.1(a).  He brings additional claims of trial and sentencing error in a supplemental pro se brief.  We affirm his sentence and conviction.

I.

Evidence at Melvin's second trial was sufficient to satisfy a jury that, on February 19, 2010, he sold approximately 11.5 grams of cocaine base to a government informant.  The jury returned a guilty verdict on March 27, 2014.

The presentence report (PSR) calculated Melvin's base offense level at 20, based on the quantity of cocaine base.  U.S.S.G. § 2D1.1(a)(5) (2013).  Because no adjustments were applied, the total offense level was also 20.  However, because of his "two prior felony convictions of . . . a controlled substance offense," the PSR recommended a career offender offense level of 34.  U.S.S.G. § 4B1.1(a), (b)(2).  Melvin objected to his career

offender status on the basis that he only had one predicate offense. He conceded that a 2005 conviction in the Southern District of New York qualified as a predicate controlled substance offense, but he argued that he had no other qualifying prior conviction. The probation officer responded that a 1998 New York state conviction for "Criminal Sale of a Cntr. Subst. 3rd Degree" was the second predicate offense.[1]

At the sentencing hearing on July 8, 2014, the district court overruled Melvin's objection. It found that this court's decision in United States v. Bryant, 571 F.3d 147 (1st Cir. 2009), and an unpublished Second Circuit opinion in United States v. Spells, 267 F. App'x 93 (2d Cir. 2008), foreclosed his argument. The district court applied an offense level of 34 and a criminal history category of VI, which yielded a guideline sentencing range of 262 to 327 months, and imposed a below-guideline sentence of 168 months. This appeal followed.

## II.

Melvin challenges the district court's reliance on his 1998 New York state conviction to categorize him as a career offender for sentencing purposes. Reviewing this question of law

---

[1] Although the PSR did not identify the statute of conviction by section number, both parties agree that the conviction was under New York Penal Law § 220.39, which defines the offense as "knowingly and unlawfully sell[ing] . . . a narcotic drug."

de novo, United States v. Almenas, 553 F.3d 27, 31 (1st Cir. 2009), we reject this challenge for two independent reasons.[2]

A.   Law of the Circuit Doctrine

Melvin's challenge is foreclosed by our earlier panel decision in Bryant.  There, we held that a New York state conviction for "attempted criminal sale of a controlled substance"[3] was a controlled substance offense for the purpose of determining career offender status.  Bryant, 571 F.3d at 156–58.

Under the law of the circuit doctrine, we are "bound by a prior panel decision, absent any intervening authority." United States v. Mouscardy, 722 F.3d 68, 77 (1st Cir. 2013) (quoting United States v. Grupee, 682 F.3d 143, 149 (1st Cir. 2012)).  Even an argument that an earlier panel "fundamentally misinterpreted" then-existing precedent does not allow us to overturn prior panel precedent; rather, "[o]nly the Supreme Court or an en banc court

---

[2] The government also makes a third argument: that the law of the case doctrine forecloses Melvin's challenge to his career offender status because he had the opportunity and incentive to raise the issue in his first appeal but failed to do so.  However, the government did not raise this argument before the district court.  Because our affirmance is supported by two other grounds, we do not decide whether this argument was waived or whether the law of the case doctrine forecloses Melvin's appeal.

[3] Although the decision in Bryant did not identify the statute of offense by section number, the parties agree that it was the same as the statute at issue here: New York Penal Law § 220.39. The New York state decision relied on by Bryant also makes clear that the conviction at issue was under § 220.39.  See Bryant, 571 F.3d at 158 (citing People v. Samuels, 780 N.E.2d 513, 515 (N.Y. 2002)).

can overturn prior panel precedent in ordinary circumstances." United States v. Holloway, 499 F.3d 114, 118 (1st Cir. 2007).

Melvin argues that Bryant does not control because it found New York Penal Law § 220.39 to be a predicate offense only under one prong of the definition of a controlled substance offense, and he is challenging the applicability of the other prong. That argument is meritless. A controlled substance offense is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits [1] the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or [2] the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). Because that definition employs a disjunctive construction, the government need only show that § 220.39 is a controlled substance offense under either prong of U.S.S.G. § 4B1.2(b). Because Bryant establishes that § 220.39 is a controlled substance offense under the second prong, the possession clause, Bryant disposes of this appeal notwithstanding Melvin's arguments about the inapplicability of the other prong.

Melvin also challenges the reasoning of Bryant. However, he does not point to any intervening authority that requires us to reconsider Bryant and instead suggests that Bryant

- 5 -

was incorrect when decided. Because that is not sufficient to defeat the law of the circuit doctrine, Bryant controls.[4]

B.    Controlled Substance Offense

Even if Melvin could overcome the law of the circuit doctrine, we still affirm because we conclude, independently of Bryant, that a conviction under New York Penal Law § 220.39 is a controlled substance offense for the purpose of determining career offender status under U.S.S.G. § 4B1.1.

In Bryant, we relied on the second prong of U.S.S.G. § 4B1.2(b), the possession clause, to find that a conviction under § 220.39 was a controlled substance offense. 571 F.3d at 156–58. Melvin argues that Bryant's reasoning was in error.

Whatever the merits of Melvin's argument, we leave his sentence undisturbed because a conviction under § 220.39 is a controlled substance offense, in any event, under the first prong of § 4B1.2(b): "distribution . . . of a controlled substance."[5]

---

[4] Melvin also argues, for the first time in his reply brief, that Bryant should not apply because his § 220.39 conviction predates the line of New York state cases on which Bryant relied. See Bryant, 571 F.3d at 158 (citing Samuels, 99 N.Y.2d at 23–24). However, we do not consider arguments raised for the first time in a reply brief. See, e.g., Román-Oliveras v. Puerto Rico Elec. Power Auth. (PREPA), 797 F.3d 83, 85 n.1 (1st Cir. 2015).

[5] We apply the categorical approach, under which the question is whether § 220.39 encompasses only conduct that qualifies as a controlled substance offense. See Taylor v. United States, 495 U.S. 575, 600–02 (1990); United States v. Dávila-Félix, 667 F.3d 47, 55–56 (1st Cir. 2011).

Melvin argues that New York defines a sale of a controlled substance to include a mere "offer" to sell, see N.Y. Penal Law § 220.00(1), and a mere offer to sell does not qualify as distribution. However, under Application Note 1 of U.S.S.G. § 4B1.2, a controlled substance offense "include[s] the offense[] of . . . attempting to commit such offense[]." A defendant is guilty of attempted distribution if he (1) had the intent to commit the crime and (2) took a substantial step toward its commission. United States v. Piesak, 521 F.3d 41, 44 (1st Cir. 2008). A conviction under § 220.39 under an offer-to-sell theory would require proof of a bona fide offer to sell with intent to proceed with the sale and the ability to do so. See Bryant, 571 F.3d at 158 (citing People v. Samuels, 780 N.E.2d 513, 515 (N.Y. 2002)). A bona fide offer comprises both the intent and substantial step necessary to constitute an attempted distribution of a controlled substance.[6] Cf. Pascual v. Holder, 723 F.3d 156, 158–59 (2d Cir. 2013) (per curiam) (holding that New York Penal Law § 220.39 is analogous to the federal crime of attempted distribution and thus qualifies as an aggravated felony under the Immigration and Nationality Act); Berroa v. Att'y Gen. of U.S., 523 F. App'x 913, 917–18 (3d Cir. 2013) (per curiam) (same); United States v. Evans,

---

[6] In so deciding, we answer a question explicitly left open in our recent decision in United States v. Whindleton, 797 F.3d 105, 111 n.5 (1st Cir. 2015).

699 F.3d 858, 868 (6th Cir. 2012) (holding, with respect to an Ohio drug conviction, that "[a]n offer to sell a controlled substance is an act perpetrated in furtherance of a sale, typically as part of the negotiation for the price and quantity, and it is therefore a substantial step in attempting to consummate a sale"). Under the distribution prong of U.S.S.G. § 4B1.2(b), New York Penal Law § 220.39 is categorically a controlled substance offense that can trigger career offender status for sentencing purposes.

### III.

In his pro se supplemental brief, Melvin claims a number of trial and sentencing errors.

First, Melvin argues that the district court erred in denying his motion for a mistrial on the basis that the jury saw him in handcuffs. The government denied there was any such event. Even if the event had taken place, "exposure of the jury to a defendant in shackles does not necessarily require a mistrial." United States v. Pina, 844 F.2d 1, 8 (1st Cir. 1988). Although Melvin alleged that he made eye contact with one juror, that juror, when questioned by the district court, did not substantiate Melvin's allegation and stated that he recalled nothing out of the ordinary. These circumstances do not establish "the kind of clear prejudice that would render the court's denial of his motion for a mistrial a manifest abuse of discretion." United States v.

Trinidad-Acosta, 773 F.3d 298, 306 (1st Cir. 2014) (quoting United States v. Dunbar, 553 F.3d 48, 58 (1st Cir. 2009)).

Second, Melvin argues that the district court erred in allowing evidence of his 2007 drug conviction in cross examination. A felony conviction can be admitted to attack a criminal defendant's credibility "if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). We find no abuse of discretion in the district court's decision to admit this evidence.[7]

Third, Melvin challenges his designation as a career offender for the purposes of sentencing. These arguments largely repeat those in his initial brief submitted through counsel and are addressed above. His argument that the career offender guideline violates the double jeopardy clause has been previously rejected. See Witte v. United States, 515 U.S. 389, 400 (1995).

---

[7] As a general matter, informing the jury of a past felony conviction creates a risk of prejudice, and that risk is heightened where the crime of conviction is similar to the crime with which the defendant is charged. See United States v. Brito, 427 F.3d 53, 64 (1st Cir. 2005) ("[C]onvictions for dissimilar crimes are customarily thought to be less prejudicial than convictions for similar crimes (which may run a risk of implying a propensity to commit the crime)."). It is well established, however, that prior convictions for drug distribution bear on character for truthfulness, see United States v. Barrow, 448 F.3d 37, 44 (1st Cir. 2006); Brito, 427 F.3d at 64, and the district court did not abuse its discretion here in determining that the probative value of that conviction outweighed its prejudicial effect.

IV.

For the reasons stated, we <u>affirm</u>.