**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 15-1732

CAROL PROAL,

Plaintiff, Appellant,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant, Appellee,

DOES 1-100, inclusive,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. David H. Hennessy, U.S. Magistrate Judge]

Before

Torruella, Lipez, and Kayatta,
Circuit Judges.

Ramón Massó-Flores and Law Offices of Ramón Massó-Flores on brief for appellant.
Wayne E. George, Todd S. Holbrook, and Morgan, Lewis & Bockius LLP on brief for appellee.

April 29, 2016

**KAYATTA**, **Circuit Judge**.  The sole issue in this appeal is whether the administrative exhaustion requirements of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub. L. No. 101-73, 103 Stat. 183 (codified in scattered sections of 12 U.S.C.), apply to the claims that Carol Proal ("Proal") brought against JPMorgan Chase Bank, N.A. ("Chase") under Massachusetts's Predatory Home Loan Practices Act ("PHLPA"), Mass. Gen. Laws ch. 183C, and other state laws after Chase relied on a mortgage that Proal granted to SouthStar Funding, LLC ("SouthStar"), and that Chase later acquired, to conduct a summary process foreclosure on Proal's home.

Briefly summarized, Proal claims that SouthStar issued her a high-cost loan in exchange for a note and a mortgage on her principal residence without first assuring itself of her ability to repay the loan, in violation of the PHLPA, see id. § 4; that Washington Mutual Bank ("WaMu") acquired the note and was assigned the mortgage following SouthStar's bankruptcy; that WaMu subsequently failed and was put into receivership by the Federal Deposit Insurance Corporation ("FDIC"); that the FDIC then sold the note and mortgage to Chase; and that, in the wake of Chase's acquisition of Proal's home in foreclosure on the loan, Proal should be able to set aside the foreclosure by relying on certain affirmative defenses that flowed with the mortgage under the PHLPA,

- 2 -

see id. § 15, even though she never asserted any claims administratively under the FIRREA.

The briefing in this case has provided both the district court and this court with little meaningful assistance. As relevant here, the FIRREA requires exhaustion of an administrative claims-processing regime prior to judicial proceedings with respect to two categories of claims or actions: (1) claims or actions seeking "payment from, or any action seeking a determination of rights with respect to," the assets of an institution taken over by the FDIC, 12 U.S.C. § 1821(d)(13)(D)(i); or (2) claims relating to "any act or omission" of such an institution or of the FDIC as receiver, id. § 1821(d)(13)(D)(ii). In moving to dismiss, Chase referred exclusively to the second category, and only then indirectly, by arguing that Proal's claim was not "against [Chase] for its actions." In support, Chase relied on Demelo v. U.S. Bank National Ass'n, 727 F.3d 117 (1st Cir. 2013), in which we held that a mortgagor's claim against a post-receivership mortgagee arising out of a pre-receivership act by a failed institution is subject to the FIRREA's administrative exhaustion requirement, see id. at 122–23. In response, Proal argued that Demelo is distinguishable because, unlike in Demelo, where the mortgagor's claim was based on an "act or omission" of the failed bank, her claim was not "based on acts or omissions of either WaMu or the FDIC." Despite its reliance on Demelo, Chase

- 3 -

did not explain whether or how Proal's claim was based on an act or omission of the failed bank, i.e., of WaMu, such that FIRREA exhaustion should apply.

The district court acknowledged Proal's argument that "because [her] claims . . . are a result of the actions of SouthStar and not the failed bank, her action is not a claim under FIRREA." Proal v. JPMorgan Chase, No. 14-14292, 2015 WL 3616111, at *3 (D. Mass. June 9, 2015). The district court nevertheless granted Chase's motion to dismiss, id. at *4, concluding that exhaustion applies because Chase acquired the note and mortgage from the FDIC and did not do anything wrongful on its own, see id. at *3 (citing Demelo, 727 F.3d at 124). Implicitly, this logic suggests that as long as Chase received a failed bank's assets from the FDIC, and committed no wrong itself, we must presume that Proal's claims regarding those assets were based on an act or omission of the failed bank or the FDIC. The district court and Chase do not explain why we would so presume, nor do they grapple with the potential implications of such a capacious construction of "act or omission" in this context.[1]

---

[1] We note that such a reading of 12 U.S.C. § 1821(d)(13)(D)(ii)--which would make the FIRREA's exhaustion requirement operative whenever there is any legal defect in a failed institution's assets--would threaten to render superfluous 12 U.S.C. § 1821(d)(13)(D)(i), which directly requires exhaustion of certain claims relating to the assets of an institution taken into FDIC receivership.

On appeal, Proal argues again that <u>Demelo</u> "deals with successor liability based on the acts or omissions of the failed bank," and that her claims do not. Thus challenged once more to explain how Proal's claims are based on an act or omission of WaMu, Chase offers not a hint of an explanation.

Proal then devotes much of her appellate brief to countering an argument that Chase never made in the district court--that exhaustion applies because her action seeks a determination of rights with respect to an asset of the failed bank. Proal points out that our prior decision in <u>Bolduc</u> v. <u>Beal Bank, SSB</u>, 167 F.3d 667 (1st Cir. 1999), seems to reject any such argument in a case like this, <u>see</u> <u>id.</u> at 671-72, albeit only with respect to a plaintiff's affirmative defenses to foreclosure (which is all Proal now seeks to assert).[2] Thus prompted, Chase devotes a single paragraph to arguing that <u>Bolduc</u> was wrong because, in the view of the Ninth Circuit, "a claim aimed at preventing a lender from obtaining repayment of a loan or any realization on its security

_____

[2] Proal initially sought money damages on a number of claims that are derivative of her underlying PHLPA claim. On appeal, however, Proal has abandoned any claim to money damages, characterizing her suit as "a foreclosure defense action" and bringing her claims in line with those raised in <u>Bolduc</u> by affirmatively representing that she is not "seeking any kind of 'payment' from any bank." Accepting this disclaimer, we leave it to the district court, with the aid of the parties, to determine which of Proal's equitable claims remain in force and what sort of relief, if any, she may now seek under Massachusetts law in light of the fact that the challenged foreclosure has already occurred.

interest is clearly a claim against the lender that seeks 'a determination of rights with respect to a bank asset.'" Rundgren v. Wash. Mut. Bank, FA, 760 F.3d 1056, 1063-64 (9th Cir. 2014) (quoting 12 U.S.C. § 1821(d)(13)(D)(i)). Notwithstanding the implied suggestion that we overrule one of our own precedents, Chase offers no argument as to why we should do so. See United States v. Melvin, 628 F. App'x 774, 776 (1st Cir. 2015) (absent extraordinary circumstances or new Supreme Court or en banc circuit authority, prior panel decisions bind subsequent panels in the same circuit).

In view of the foregoing, and particularly in light of Chase's failure to explain what act or omission of the failed bank or the FDIC provides the basis for Proal's claim, we find Demelo inapplicable and Bolduc otherwise controlling. We therefore reverse the dismissal for lack of subject-matter jurisdiction and remand for further proceedings directed at Chase's arguments that Proal's complaint should be dismissed for failure to state a claim.[3]

---

[3] Proal has challenged the district court's suggestion that even if the district court has subject-matter jurisdiction over Proal's claims, those claims will be barred on statute of limitations grounds. Proal, 2015 WL 3616111, at *3 n.5. Chase did not raise a statute of limitations defense in its motion to dismiss, nor has it responded to Proal's arguments on appeal. "Ordinarily, affirmative defenses, such as the statute of limitations, are subject to pleading and proof." Dempsey v. Sears Roebuck & Co., 963 F.2d 366, 366 (1st Cir. 1992) (table opinion) (per curiam). We therefore do not treat the district court's

footnoted dictum as a holding and so leave it to the district court in the first instance to rule on any statute of limitations defense that Chase might hereafter raise, if the district court determines that Chase has not waived its opportunity to raise such a defense.