# United States Court of Appeals
## For the First Circuit

Nos. 16-2059, 16-2060

UNITED STATES OF AMERICA,

Appellee,

v.

KARIM DAVIS, a/k/a/ Wise,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Lynch, Stahl, and Thompson,
Circuit Judges.

J. Hilary Billings, Assistant Federal Defender, on brief for
appellant.
Renée M. Bunker, Assistant United States Attorney, and
Richard W. Murphy, Acting United States Attorney, on brief for
appellee.

October 11, 2017

**LYNCH, Circuit Judge**.  Karim Davis challenges his 151-month prison sentence on appeal, after he pled guilty in 2016 to drug crimes, arguing that the district court erred in (1) sentencing him as a career offender based on his prior drug convictions under N.Y. Penal Law §§ 110 and 220.31; and (2) applying the criminal-livelihood enhancement under U.S.S.G. § 2D1.1(b)(15)(E).  There was no error, and we affirm his sentence.

## I.

After indictment in 2015, Karim Davis pled guilty in August 2016 to two counts of drug trafficking: (1) possession with intent to distribute heroin and cocaine base and (2) conspiracy to possess with intent to distribute the same, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.  The first count arose from crimes alleged in Davis's 2015 indictment, and the second, from an information the Government filed in 2016 based on Davis's alleged conspiracy to distribute drugs from April 2014 to June 2015.

The Presentence Investigation Report (PSR) found Davis responsible for 479 grams of heroin and 31.4 grams of cocaine base. Under the Sentencing Guidelines, this merited a base offense level of 26.  The PSR recommended a two-level enhancement because the offense was "part of a pattern of criminal conduct engaged in as a livelihood," U.S.S.G. § 2D1.1(b)(15)(E); and an additional

three-level increase for Davis's leadership role as a manager or a supervisor, id. § 3B1.1(b).  As a result, Davis's adjusted offense level was 31.

However, the PSR indicated that the career-offender guideline under U.S.S.G. § 4B1.1(b) governed Davis's total offense level because he had "at least two prior felony convictions of . . . a controlled substance offense."  The report identified his first predicate offense as a criminal sale of a controlled substance, in violation of N.Y. Penal Law § 220.31, and his second predicate offense as an attempted criminal sale of a controlled substance, in violation of N.Y. Penal Law § 110.

Section 4B1.1(b) of the Guidelines states that "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." It also mandates that "[a] career offender's criminal history category in every case under this subsection shall be Category VI."

For Davis's offense, the career-offender guideline prescribed an offense level of 32.  See U.S.S.G. § 4B1.1(b)(3). Because this was higher than the offense level otherwise applicable -- 31 -- Davis received an enhancement for being a career offender. After a three-level reduction for acceptance of responsibility,

the PSR recommended a total offense level of 29. Together with a criminal history category of VI, the resulting Guidelines Sentencing Range (GSR) was 151-188 months of imprisonment. See U.S.S.G. ch. 5, pt. A, sentencing table.

At the sentencing hearing, the district court adopted the PSR's recommendation over Davis's objections. The judge also found that Davis qualified for the criminal-livelihood enhancement, but emphasized that "the same guideline range would occur regardless of what [he found] on that topic." Ultimately, the district court sentenced Davis at the bottom of the GSR: 151 months of imprisonment.

## II.

On appeal, Davis argues that his two prior drug convictions under New York law do not constitute predicate offenses under the Guidelines career-offender provision, U.S.S.G. § 4B1.1. "Whether a prior conviction qualifies as a predicate offense under U.S.S.G. § 4B1.1 is a question of law that we review de novo." United States v. Almenas, 553 F.3d 27, 31 (1st Cir. 2009).

Davis's first argument, that his conviction under N.Y. Penal Law § 220.31 is not a "controlled substance offense" under U.S.S.G. § 4B1.1, is foreclosed by this Court's precedent in United

- 4 -

States v. Bryant, 571 F.3d 147 (1st Cir. 2009), and United States v. Melvin, 628 F. App'x 774 (1st Cir. 2015).[1]

Under the career-offender provision, a "controlled substance offense" includes any offense under state law that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance," or "the possession of a controlled substance" with "intent" to do the same. U.S.S.G. § 4B1.2(b). And under N.Y. Penal Law § 220.31, a person commits a criminal sale in the fifth degree "when he knowingly and unlawfully sells a controlled substance," which includes "to sell, exchange, give or dispose of to another, or to offer or agree to do the same," id. § 220.00 (emphasis added). We held in Bryant that a conviction for attempted criminal sale of a controlled substance under § 220.39, qualifies as a career offender predicate.[2] 571 F.3d at 157-58; see also Melvin, 628 F. App'x at 776 n.3 & 777. The district court correctly concluded that Davis's

---

[1] In fact, the defendant's own briefing concedes that "controlling First Circuit precedent is contrary to [this] assertion[]."

[2] Although Bryant involved a different statutory provision, the wording of N.Y. Penal Law § 220.39 (at issue in Bryant) and that of § 220.31 (at issue here) are identical, with the exception that § 220.39 specifies a list of prohibited controlled substances. This listing has no impact on the categorical analysis.

conviction under N.Y. Penal Law § 220.31 qualifies as a predicate for the career-offender enhancement.

Davis's second argument, that a conviction for attempted criminal sale of a controlled substance under N.Y. Penal Law § 110 does not qualify as a predicate offense, is also meritless. Section 110 provides that "[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." Although the statutory language is broad, New York courts have narrowly applied it only to conduct that "came 'dangerously near' commission of the completed crime." People v. Kassebaum, 744 N.E.2d 694, 698 (N.Y. 2001). This standard is more stringent than the Model Penal Code's "'substantial step' test." People v. Acosta, 609 N.E.2d 518, 521 (N.Y. 1993).

Davis contends that allowing a conviction under N.Y. Penal Law § 110 to qualify as a predicate offense stretches the Guidelines' definition of a "controlled substance offense" too far because it would sweep in attempted "offers-to-sell." Specifically, he argues that "because the categorical analysis must focus upon the elements of the inchoate crime of attempt, and not the elements of the substantive criminal sale of a controlled substance," an attempted offer-to-sell under § 110 comprises acts that fall outside the definition of attempted possession with

intent to distribute under § 4B1.2(b). Davis asserts that to be found guilty under § 110, the defendant need not even be in possession of the controlled substance or have the ability to proceed with the sale.

We disagree. Davis cites no authority for the proposition that under the categorical approach, we are restricted to examining elements of the inchoate crime, without reference to the corollary substantive crime. In fact, our precedent is to the contrary. See, e.g., United States v. Whindleton, 797 F.3d 105, 111 (1st Cir. 2015) ("[A]n offer to sell a controlled substance -- like attempt to sell or a conspiracy to sell -- is necessarily related to and connected with its ultimate goal, the distribution of controlled substances." (emphasis added)).

"[I]t is well established under New York law" that conviction for offer to sell requires "a bona fide offer to sell -- i.e., that defendant had both the intent and ability to proceed with the sale." Bryant, 571 F.3d at 158 (quoting People v. Samuels, 780 N.E.2d 513, 515 (N.Y. 2002)). And in Bryant, we expressly held that conviction for attempted criminal sale of a controlled substance under § 220.39 -- which includes offers-to-sell -- qualifies as a career-offender predicate. See id. at 157-58. We find no meaningful difference between a conviction for attempted sale of a controlled substance under that provision and

- 7 -

one under N.Y. Penal Law § 110 for the purposes of the categorical analysis.

That ends the matter. The district court correctly sentenced Davis under the career-offender guideline.

### III.

Davis also alleges that the district court erred in finding that he qualified for the criminal-livelihood enhancement under U.S.S.G. § 4B1.3. Not so.

Because the district court correctly sentenced Davis as a career offender, the criminal-livelihood enhancement under U.S.S.G. § 2D1.1(b)(15)(E) had no impact on his final sentence. Irrespective of that enhancement, Davis is subject to the offense level set forth in § 4B1.1(b)(3) -- 32 -- and its corresponding GSR: 151-188 months of imprisonment. Any error, therefore, would have been harmless. See United States v. Gordon, 852 F.3d 126, 134 (1st Cir. 2017) (finding affirmance proper where error is harmless).

In any case, Davis's only rejoinder to the enhancement -- that the district court did not consider the "costs of the product sold or the amount of mark up the defendant, in fact, received" -- is squarely foreclosed by our recent decision in Gordon. There, we expressly held that district courts could "rely

exclusively on evidence of [the defendant's] gross income in applying § 4B1.3 app. n.2(A)." Id. at 131.

## IV.

Accordingly, the district court's sentence is affirmed.