# United States Court of Appeals
## For the First Circuit

No. 17-2021

UNITED STATES OF AMERICA,

Appellee,

v.

DONALD REID,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Howard, Chief Judge,
Boudin and Barron, Circuit Judges.

Elizabeth A. Billowitz on brief for appellant.
Benjamin M. Block, Assistant United States Attorney, and
Halsey B. Frank, United States Attorney, on brief for appellee.

August 10, 2018

**BOUDIN**, **Circuit Judge**.  Donald Reid pled guilty to possession with intent to distribute cocaine and heroin.  21 U.S.C. §§ 841(a)(1), 841(b)(1)(C).  The district court found Reid to be a career offender, U.S.S.G. § 4B1.1(a), subject to a guidelines sentencing range ("GSR") of 151 to 188 months, but it sentenced him to a below-guidelines term of seventy-eight months in prison.  On appeal, Reid challenges his sentence.

On May 27, 2016, in the course of a wiretap investigation into a drug trafficking conspiracy in the Portland, Maine area, law enforcement agents arrested Reid shortly after he traveled by bus from New York to Portland with 253 grams of cocaine and twenty-eight grams of heroin in his backpack.  Reid was charged, along with others, with conspiracy to distribute cocaine and heroin, 21 U.S.C. §§ 841(a)(1), 846, but thereafter pled guilty to possession with intent to distribute, id. §§ 841(a)(1), 841(b)(1)(C).

The presentence investigation report ("PSR") said that there was "no evidence to suggest that [Reid] was engaged in any further activities of the drug conspiracy" beyond acting as a courier.  The PSR recommended a two-level minor participant role reduction, U.S.S.G. § 3B1.2(b), but it advised against a four-level minimal participant reduction, id. § 3B1.2(a), because Reid "must have had some knowledge and understanding of the scope of the criminal enterprise and the activities of those involved to be

trusted to transport that significant amount of narcotics across multiple states."

The PSR also set forth Reid's lengthy criminal history, which included a juvenile conviction at age thirteen for third-degree robbery; adult convictions at age seventeen for possession of crack cocaine and first-degree robbery; and subsequent convictions for disobeying an officer and resisting arrest, sale of a half-gram of cocaine, second-degree possession of a forged instrument, and conspiracy to defraud the United States by altering postal money orders. Reid's convictions for first-degree robbery and sale of cocaine qualified him as a career offender under U.S.S.G. § 4B1.1(a).

At the sentencing hearing on September 18, 2017, defense counsel conceded that there was a "sufficient basis . . . to substantiate" Reid's career offender designation, but sought a reduced variant sentence. The district court accordingly found that Reid was a career offender, with a corresponding total offense level of twenty-nine--after a three-level decrease for acceptance of responsibility, U.S.S.G. § 3E1.1--and a criminal history category of VI. Reid's career offender status mooted his request for a minimal participant reduction because the career offender guidelines do not allow for role reductions. "[I]n any event," the court found, Reid did not qualify for the minimal participant reduction.

Reid's advisory GSR as a career offender was 151 to 188 months. The government recommended a below-guidelines sentence "in the neighborhood of six years" based on Reid's youth at the time of his predicate robbery conviction and the small quantity involved in his predicate drug trafficking conviction. The evidence, the government recognized, did not suggest that Reid had further involvement in the conspiracy beyond the one trip. Defense counsel, pointing to Reid's peripheral role in the instant conspiracy, his disadvantaged upbringing, and the circumstances of his predicate convictions, requested a sentence within the GSR that would have applied had Reid not qualified as a career offender (twenty-seven to thirty-three months).

The court sentenced Reid to seventy-eight months' imprisonment--a sentence significantly below Reid's GSR as a career offender. The judge stressed that Reid had been "a prolific criminal" since a young age and that, by the age of thirty-one, he had "an amazing record of criminal activity." The judge also noted that over the years Reid had "taken advantage of repeated leniency" and had violated parole.

Remarking that Reid's was a "very difficult case," the court looked for but found "not much" in terms of redeeming factors or prospects for improvement: The court stated that "every time [Reid] had a chance, he . . . committed another crime." After considering a ten-year sentence "to protect the public from someone

who is a career criminal," the court settled for a sentence even further below the adopted GSR.

On appeal, Reid's first claim of error is that the court wrongly denied him a minimal participant reduction. U.S.S.G. § 3B1.2(a). However, Reid's offense level was dictated by the career offender guidelines, which do not countenance role reductions: U.S.S.G. § 4B1.1(b) provides that where, as here, "the offense level for a career offender . . . is greater than the offense level otherwise applicable, the [career offender] offense level . . . shall apply." Accordingly, a minimal participant designation would not have helped Reid. See United States v. Morales-Diaz, 925 F.2d 535, 540 (1st Cir. 1991); United States v. Davis, 873 F.3d 343, 346 (1st Cir. 2017).

Reid's main claim is that his sentence is unreasonable. The crux of his argument is that although he "technically qualifie[s]" as a career offender, the district court should not have treated him as such for sentencing purposes because of his "unique circumstances." (Reid also suggests that it is unclear whether the district court sentenced him as a career offender, but twice the court flatly stated that it was treating Reid as such.)

The court, Reid claims, failed to address explicitly and take into account how his "traumatic" upbringing--marked by abandonment and abuse--made him "less morally culpable" for the

robbery conviction that served as a predicate to his career offender status.

We assume, favorably to Reid, that his sentence is reviewed for abuse of discretion, see United States v. Alejandro-Rosado, 878 F.3d 435, 438-39, 440 (1st Cir. 2017), but we find none. Fatal to Reid's challenge is the court's thoughtful consideration of his personal history and its imposition of a variant sentence far below the applicable career offender GSR.

During sentencing the judge provided defense counsel with multiple opportunities to convince the court that Reid deserved leniency, stating "I'm looking for a spark here that [Reid] has any concern for the criminal justice system." And before announcing Reid's sentence, the judge stated that he had considered, among other things, the letters submitted by Reid's family, the PSR (which described in depth Reid's difficult childhood), defense counsel's arguments (which highlighted Reid's upbringing and the circumstances of his predicate offenses), and Reid's "history, record and personal characteristics."

Reid urges that his "troubled background" warranted exceptional leniency. But the court was under no obligation to agree, see United States v. Vargas-García, 794 F.3d 162, 167 (1st Cir. 2015), and the court justifiably found this argument undermined by Reid's recidivism over more than a decade. In all events, the imposition of a below-guidelines sentence suggests

that the court was somewhat persuaded by Reid's argument for leniency--albeit not to the extent Reid desired.

Reid finally argues that the "application of the [career offender] guideline . . . ultimately resulted in a sentence that was substantively unreasonable" and that "the punishment does not fit the crime."  But, having conceded that he qualified as a career offender, Reid's substantive reasonableness argument is just a reworking of his argument for a greater downward variance.  In sum, the below-guidelines sentence of seventy-eight months is a defensible outcome.  See United States v. Rivera-González, 776 F.3d 45, 51 (1st Cir. 2015); United States v. King, 741 F.3d 305, 310 (1st Cir. 2014).

**Affirmed**.