19-3205-cr
*United States v. Spells*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand twenty.

Present:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

United States of America,

> *Appellee*,

> v.                                                    No. 19-3205-cr

Ronnie Spells,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | Allegra Glashausser, Federal Defenders of New York, New York, NY. |
| For Appellees: | Jacqueline C. Kelly, Thomas McKay, Assistant United States Attorneys, *for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED.**

Defendant Ronnie Spells appeals from an order entered September 27, 2019, denying his motion for a reduced sentence pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. We assume familiarity with the factual and procedural background of this case and the issues on appeal. For the reasons that follow, we conclude that the district court did not abuse its discretion in denying Spells's motion, and we therefore affirm.

Spells pleaded guilty in 2005 to various firearms offenses, a heroin offense, and — as is most relevant here — one count of possessing at least five grams of cocaine base with intent to distribute, in violation of the offense then set forth at 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii). On October 4, 2006, the district court — the Honorable Gerard E. Lynch, who was then assigned to the case — sentenced Spells to a total of 232 months' imprisonment. Spells appealed and we affirmed in part, vacated one aspect of the judgment of conviction, and remanded so that the district court could reconsider its sentence in light of the Supreme Court's intervening decisions in *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Gall v. United States*, 552 U.S. 38 (2007). *See United States v. Spells*, 267 F. App'x 93, 94 (2d Cir. 2008). On remand, the district court resentenced Spells principally to a total of 186 months' imprisonment. Upon Judge Lynch's elevation to this Court, the case was reassigned to the Honorable P. Kevin Castel.

On August 3, 2010, President Obama signed into law the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. As relevant here, Section 2 of the Fair Sentencing Act modified the statutory penalties for crack cocaine offenses, like the one for which Spells was sentenced, that were subject to 21 U.S.C. § 841(b)(1)(B)'s mandatory sentencing range. 124 Stat. at 2372; *see United States v. Johnson*, 961 F.3d 181 (2d Cir. 2020). Initially, the Fair Sentencing Act's reforms did not apply retroactively to defendants like Spells who had been sentenced prior to its passage. *See Dorsey v. United States*, 567 U.S. 260, 273 (2012). Eight years later, however, President Trump signed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which made certain provisions of the Fair Sentencing Act retroactive. In particular, Section 404 of the First Step Act

provides that, if a defendant was originally sentenced for a "covered offense" as defined by the Act, a district court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act. § 404(b), 132 Stat. at 5222. Section 404 also provides that "[n]othing in [Section 404] shall be construed to require a court to reduce any sentence pursuant to [Section 404]." *Id.* § 404(c), 132 Stat. at 5222.

On July 25, 2019, Spells moved for a sentence reduction pursuant to Section 404 of the First Step Act. The government opposed. On September 27, 2019, the district court denied Spells's motion in a written order. The district court concluded that Spells was eligible for Section 404 relief, but exercised its discretion to deny the motion. The district court noted that Section 404 "does not set forth the factors that a court should consider in exercising its discretion," but considered "the purpose of the statute," "the reasons why the sentence was imposed in the first place," and the sentencing factors set forth at 18 U.S.C. § 3553(a). App'x 106–07. The district court also reasoned that it was obligated to "consider the facts as they exist[ed]" at the time of its decision on the Section 404 motion, rather than as they existed at the time of the original sentence, and therefore also considered Spells's post-sentencing conduct. App'x 107. The district court denied the motion based on its conclusion that the original sentence was based on the "seriousness and danger" of Spells's firearms offenses, App'x 108, its conclusion that Spells's "post sentence conduct has been poor," *id.*, and based on the § 3553(a) factors, "all of which" were considered, "even though not discussed," by the district court, App'x 109. In particular, the district court noted that Spells's offenses "remain worthy of just punishment and his sentence promotes respect for the law," and that "[t]here remains a serious and important need to protect the public from further crimes of the defendant." *Id.*; *see* 18 U.S.C. § 3553(a)(2) (requiring the district court to consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and "to protect the public from further

3

crimes of the defendant"). Finally, the district court explained why, in its judgment, Spells remained a significant risk for recidivism despite his increasing age.

"Section 404 relief is discretionary," *Johnson*, 961 F.3d at 191; *see* First Step Act § 404(c), 132 Stat. at 5222, and we review the denial of a motion for such relief for abuse of discretion, *see United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). "[T]he First Step Act does not obligate a district court to consider post-sentencing developments," but "a district court retains discretion to decide what factors are relevant as it determines whether and to what extent to reduce a sentence." *United States v. Moore*, 975 F.3d 84, 92 n.36 (2d Cir. 2020).

On appeal, Spells argues that the district court failed to explain why its decision was supported by the sentencing factors set forth at 18 U.S.C. § 3553(a). But assuming without deciding that the district court was required to consider the § 3553(a) factors in this context, it remains the case that a district court is not required to "discuss every § 3553(a) factor individually," or to make "robotic incantations," when making sentencing decisions. *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020). Instead, we "presume[] that the sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *Id.* at 118. And we will not second-guess the weight that a district court has assigned to any particular sentencing factor; instead, we will only "consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case," and will vacate a sentence only where it "cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc). Here, the district court explained in its written order how specific § 3553(a) factors supported the denial of a discretionary reduction. Nothing in the record suggests that the district court failed to consider any relevant factors in arriving at its decision or that it assigned impermissible weight to any one factor.

Spells suggests that the only factors the district court discussed actually *favored* a sentence reduction. While it is true that the district court noted the reduced recidivism risk of crack offenders

in general, the district court also relied on factors more particularized to Spells's case, like his firearms convictions and his poor post-sentence conduct, that supported the district court's conclusion that the goals of just punishment, promoting respect for the law, and protecting the public weighed against granting the motion. The fact that the district court also discussed evidence that might weigh in Spells's favor did not make its overall decision less reasonable.

Finally, while Spells objects that the district court failed to explain why, in particular, his proposed sentence reduction was unwarranted, "we never have required a District Court to make specific responses to points argued by counsel in connection with sentencing." *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010). Instead, the district court "must satisfy us only that it has considered the party's arguments and has articulated a reasonable basis for exercising its decision-making authority." *Id.* The district court did so here.

Spells also argues that it was an abuse of discretion to deny his motion because the First Step Act was enacted to grant relief to those sentenced under the pre-Fair Sentencing Act regime, when the statutory penalties for crack cocaine offenses were even harsher, especially relative to those for powder cocaine offenses, than they are today. And, Spells points out, one of the stated goals of Judge Lynch's original sentence was the avoidance of unwarranted sentencing disparities with similarly situated crack offenders. Spells reasons that the same principle favors a lower sentence today, after the passage of the First Step Act. But it is clear that, notwithstanding the broad purposes of the First Step Act in favor of sentencing relief for crack cocaine offenders, *see Johnson*, 961 F.3d at 191, Section 404 does *not* require a court to grant relief in any particular case, *see* First Step Act § 404(c), 132 Stat. at 5222. It follows that, in some cases, a district court may properly deny a Section 404 motion because of a defendant's particular circumstances, even though that means leaving in place a sentencing disparity of the type Section 404 authorizes district courts to address. The district court in this case acknowledged that Section 404 reflected Congress's "concerns that some sentences imposed in the past may be too long in view of the

5

unwarranted disparity" between crack and powder cocaine sentences, but — as discussed above — also adequately explained why, in its judgment, a sentence reduction was not warranted in this particular case. App'x 107.

As we have explained, it is not for us to consider that decision afresh as though we were the sentencing court. Instead, we must decide whether the district court abused its discretion in denying Spells's motion. On the record before us, we conclude that it did not. *See Moore*, 975 F.3d at 93–94 (affirming denial of First Step Act relief where district court relied on post-conviction disciplinary record).

We have considered all of Spells's arguments and found in them no basis for reversal. For the reasons set forth above, the order of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk
