NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3067
_____

UNITED STATES OF AMERICA

v.

JONATHAN SANTANA,
                                      Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1-15-cr-00074-001)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 20, 2017

Before: FISHER, HARDIMAN, and GREENAWAY, JR., *Circuit Judges*.

(Filed: January 31, 2017)
_____

OPINION[*]
_____

HARDIMAN, *Circuit Judge*.

Jonathan Santana appeals his judgment of sentence, arguing that the District Court

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

misclassified him as a career offender under the United States Sentencing Guidelines (USSG). We will affirm.

## I

On January 13, 2016, Santana pleaded guilty to distribution and possession of heroin with intent to distribute and conspiracy to distribute. The Probation Office determined in its Presentence Investigation Report (PSR) that Santana qualified as a career offender under the Guidelines because of three prior state offenses: (1) second degree attempted robbery; (2) third degree possession of a controlled substance with intent to sell; and (3) fourth degree attempted sale of a controlled substance. Santana did not object to the career offender designation.

The District Court accepted the PSR in all respects, except that it granted Santana a three-level reduction for acceptance of responsibility after he withdrew his objections. This resulted in a Guidelines range of 188–235 months' imprisonment. The District Court sentenced Santana to 168 months, varying "one level" downward in consideration of Santana's "lack of youthful guidance and his early upbringing," and concluding that the lower sentence was "sufficient to punish and deter future illegal conduct." App. 49–50. Santana timely appealed.

## II[1]

Santana claims for the first time on appeal that he was wrongly classified as a career offender, arguing that: (1) his robbery conviction was not a crime of violence under USSG § 4B1.2(a); and (2) his conviction for attempted sale of a controlled substance was not a controlled substance offense under USSG § 4B1.2(b). Because Santana did not object in the District Court to his classification as a career offender, he must show that the error asserted on appeal was plain—that is, "clear" or "obvious"—and adversely affected his "substantial rights." *United States v. Evans*, 155 F.3d 245, 251 (3d Cir. 2005) (citation omitted). He must also show the error affected the "fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted).

To prevail in this appeal, Santana must show plain error in the classification of both his robbery and attempted sale convictions, as either one would suffice to render him a career offender because of his possession offense. USSG § 4B1.2(a). We need not consider Santana's robbery conviction because, as we shall explain, the District Court did not commit plain error when it adopted the PSR's determination that Santana's attempted sale conviction rendered him a career offender.

The Guidelines define a "controlled substance offense," in relevant part, as an offense "that prohibits the . . . export, distribution, or dispensing of a controlled substance

---

[1] The District Court had jurisdiction in this matter pursuant to 18 U.S.C. § 3231. We have jurisdiction to review Santana's sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

(or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to . . . export, distribute, or dispense." USSG § 4B1.2(b). Santana's attempted sale conviction prohibited "knowingly and unlawfully sell[ing]" certain controlled substances. N.Y. Penal Law § 220.34. Because the New York Penal Law defines "sell" with regard to controlled substances as "to sell, exchange, give or dispose of to another, *or to offer or agree* to do the same," N.Y. Penal Law § 220.00(1) (emphasis added), Santana argues his offense of conviction criminalizes unfulfilled offers to sell, which do not satisfy the Guidelines definition.[2] We disagree.

In *United States v. Bryant*, the Court of Appeals for the First Circuit considered whether a similar New York statute criminalized only conduct that qualified as a controlled substance offense under the federal Guidelines where the statutory definition of "sale" covered offers to sell, whether or not fulfilled. 571 F.3d 147, 157–58 (1st Cir. 2009). The *Bryant* court stated: "it is well-established under New York law that 'in order to support a conviction under an offering for sale theory, there must be evidence of a bona fide offer to sell—i.e., that defendant had both the intent and ability to proceed with the

---

[2] In a prior case considering a different New York offense governed by this statute, we determined that the definition of "sell" provided "alternative grounds for establishing criminal liability," requiring us to use the modified categorical approach. *Thomas v. Att'y Gen. of U.S.*, 625 F.3d 134, 143 (3d Cir. 2010) (analyzing whether a conviction qualified as an aggravated felony). After we decided *Thomas*, the Supreme Court determined that when a statute has a single, indivisible set of elements, but "enumerates various factual means of committing a single element," courts must apply the categorical approach. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

4

sale.'" *Id.* at 158 (quoting *People v. Samuels*, 780 N.E.2d 513, 515 (N.Y. 2002)). The court therefore distinguished cases like that upon which Santana relies, Santana Br. 18–19 (citing *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016)), where a court considered a statute under which the defendant "could have been convicted for making a fraudulent offer, a non-predicate offense." *Bryant*, 571 F.3d at 158 (citing *United States v. Savage*, 542 F.3d 959, 965 (2d Cir. 2008)).

The First Circuit's interpretation of New York law makes sense. An offer to sell a controlled substance, made with the intent and ability to proceed, may be rationally considered a crime "related to or connected with . . . distributing" that substance. *United States v. Gibbs*, 656 F.3d 180, 186 (3d Cir. 2011). For that reason, we are unconvinced that the District Court erred. And if it did err, the error was at least "subject to reasonable dispute." *United States v. Calabretta*, 831 F.3d 128, 132 (3d Cir. 2016). Accordingly, we will affirm the District Court's judgment of sentence.