**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2906
_____

UNITED STATES OF AMERICA

v.

MALACHI M. GLASS,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-13-cr-00231-001)
District Judge:  Hon. John E. Jones, III
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 30, 2017
_____

Before:  VANASKIE, KRAUSE, and RESTREPO, *Circuit Judges*

(Filed: July 26, 2017)
_____

OPINION[*]
_____

VANASKIE, *Circuit Judge.*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In this *Anders* case, Malachi Glass was found to be a career offender after pleading guilty to possession of cocaine with intent to distribute, resulting in a higher Sentencing Guidelines range than otherwise would have pertained. The career offender designation was based upon two Pennsylvania controlled substances offenses, one in 2001 and the other in 2004. Glass directly appealed his sentence, but his court-appointed attorney filed an *Anders* motion to withdraw from his representation of Glass, arguing there are no nonfrivolous issues for the Court to adjudicate. Glass opposes the *Anders* motion, and we find that two independent reasons support his position: First, the record suggests that Glass's 2004 conviction was for simple possession, not possession with intent to deliver, and for that reason the District Court may have erred in counting the conviction as a predicate for the career offender sentencing enhancement. Second, Glass has a nonfrivolous argument that his 2001 Pennsylvania drug conviction also may not count as a predicate because the state statute's use of the term "delivery" arguably reaches more broadly than the Sentencing Guidelines' definition of "controlled substances offense." We will deny the *Anders* motion, restore the case to the calendar, and direct the Clerk of Court to appoint new counsel to represent Glass.

## I.

In October 2013, the United States indicted Malachi Glass on one count of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Glass was indigent, and represented by a court-appointed attorney. Two years later Glass pleaded guilty following a plea colloquy.

2

At sentencing, the District Court found that Glass was a "career offender" under U.S.S.G. § 4B1.1 due to two prior drug offenses from 2001 and 2004. State court docket sheets from those two cases provide context: For the 2001 case, Glass pleaded guilty to two separate counts charging him with the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, in violation of 35 Pa. Stat. Ann. § 780-113(a)(30). (App. 16-17 ("Manuf/Del/Poss/W Int Manuf Or Del").) The case was summarized and noted in the Probation Office's pre-sentencing investigation report, submitted to the District Court.[1]

In the 2004 case, the docket sheet reveals that Glass was indicted on two counts for two separate offenses: one count of intentional possession of a controlled substance in violation of 35 Pa. Stat. Ann. § 780-113(a)(16) (App. 23 ("Int Poss Contr Subst By Per Not Reg")), and one count of manufacture or delivery or possession with intent to manufacture or deliver a controlled substance in violation of § 780-113(a)(30) (App. 23 ("Manuf/Def/Poss/W Int Manuf Or Del")). The docket sheet also shows that Glass pleaded "Nolo Contendere" to the first charge, for the (a)(16) offense, but that the second charge—the (a)(30) charge—was "Quashed, Dismissed, Demurrer Sustained." (App. 23.)

---

[1] The two 2001 offenses qualified as only one predicate offense for career-offender purposes because Glass received his sentence for the 2001 offenses on the same day, and one sentence applied to both offenses. *See* U.S.S.G. § 4A1.2 (stating that, for purposes of identifying predicate offenses, two offenses must be counted as only one if there was no "intervening arrest," the defendant received sentences for the offenses "result[ing] from . . . the same charging instrument," or the defendant received the sentences "on the same day"); *id.* § 4B1.2(c) (defining "two prior felony convictions").

When the District Court applied the career-offender enhancement, it doubled Glass's Guidelines range. Without the enhancement, the range would have been 84 to 125 months (7 to 10.4 years), but with the enhancement the range increased to 168 to 210 months (14 to 17.5 years). Starting from the enhanced range, the District Court varied downward and sentenced Glass to 108 months' incarceration.

Attorney Ronald Krauss was appointed to represent Glass with his appeal, and Krauss then filed the *Anders* motion at issue now. The United States filed a brief in support, and Glass filed a *pro se* brief in opposition.

**II.**

The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

**III.**

Our evaluation of a court-appointed attorney's request to withdraw from his client's direct appeal is governed by the rules laid out in *Anders v. California*, 386 U.S. 738 (1967). The rules of legal ethics permit if not require a court-appointed attorney to withdraw if counsel believes that the client's appeal is "wholly frivolous," but the Court may grant such a withdrawal only after adhering to a specific set of procedures designed to protect the client's rights. *Id.* at 741-42, 744.

These procedures involve three steps: First, the attorney requesting to withdraw must file a "brief referring to anything in the record that might arguably support the appeal," *id.* at 744; the United States must file a responsive brief, 3d Cir. L.A.R. 109.2(a) (2017); and the appellant may choose to file a brief, *id.* Second, the Court must examine

4

the court-appointed attorney's brief to see that counsel has "thoroughly examined the record in search of appealable issues," *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001); identified any "issue[s] arguably supporting the appeal," *Smith v. Robbins*, 528 U.S. 259, 282, 285 (2000); and "explain[ed]" why any argument in support of any identified issue would be "frivolous," *United States v. Marvin*, 211 F.3d 778, 780-81 (3d Cir. 2000). Third, the Court must perform an "independent review of the record" to determine on its own whether nonfrivolous issues exist. *Id.* The Court may use the briefs as a guide through the record and need not perform a "complete scouring of the record." *Youla*, 241 F.3d at 301.

If after these three steps, the Court finds itself aware of no nonfrivolous issues for adjudication, it will grant the *Anders* motion, permit the attorney to withdraw, and dispose of the case. 3d Cir. L.A.R. 109.2(a) (2017). However, if even one nonfrivolous issue exists, the Court will deny the *Anders* motion and either order the appointed attorney to continue, or dismiss the attorney and order the Clerk to appoint new counsel. *Id.*

**IV.**

Here, all parties fulfilled their *Anders* duties. Krauss submitted a thorough brief, as did the United States; Glass submitted his own brief in opposition; and we have performed our independent review of the record. However, the process has made it apparent that nonfrivolous issues remain as to whether Glass was properly designated as a career offender under the Sentencing Guidelines.

5

A defendant qualifies as a "career offender" under the Sentencing Guidelines if he or she "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. A "controlled substance offense," in turn, is defined as a conviction for an offense that (1) is punishable by a term of imprisonment that exceeds one year and (2) involves "the manufacture, import, export, distribution, or dispensing of a controlled substance (or counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute or dispense." *Id.* § 4B1.2(b).

Here, the District Court found that Glass's 2001 and 2004 state court convictions qualified as predicates for the career offender enhancement. The question before us now is whether there is a nonfrivolous argument that either conviction should not have served as a predicate for the career offender designation. We find that there is at least one nonfrivolous argument that each of these offenses cannot serve as a predicate.

### A.     The 2004 Conviction

The state court docket sheet for Glass's 2004 conviction indicates that he pleaded nolo contendere to a charge of violating 35 Pa. Stat. Ann. § 780-133(a)(16) ("(a)(16)"). (App. 23.) This section prohibits a person from "[k]nowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act. . . ." *Id.* The section has no additional element requiring delivery, manufacture, or importation, or an intent to do so. Thus, an (a)(16) offense is a simple possession offense, and nothing more.

6

Supreme Court precedent makes plain that a simple possession offense is not a "controlled substance offense." *Salinas v. United States*, 547 U.S. 188, 188 (2006) (per curiam) (reversing the Fifth Circuit for "err[ing] in treating petitioner's conviction for simple possession as a 'controlled substance offense'"). For that reason, Glass's 2004 (a)(16) conviction may not serve as a predicate offense, and Glass possesses at least a nonfrivolous argument on that matter.

## B. The 2001 Conviction

Glass's 2001 conviction presents a much more complicated issue that is not amenable to summary resolution. As noted above, Glass pleaded guilty to violating 35 Pa. Stat. Ann. § 780-113(a)(30), which prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance . . . or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance." To determine whether a conviction under § 780-113(a)(30) constitutes a "controlled substance offense," we are constrained to apply the categorical approach. *United States v. Abbott*, 748 F.3d 154, 158-59 (3d Cir. 2014) (applying the categorical approach to § 780-113(a)(30)). First we compare the elements of the statute behind the prior offense with the Guidelines generic offense. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). If the prior-offense elements are "the same as" or "narrower than" the Guidelines offense, then the prior offense can serve as a predicate. *Id.* But the analysis grows more complex if the prior-offense statute "lists multiple, alternative elements." *Id.* at 2285. In those instances the statute is divisible, and a modified categorical approach permits the Court "to consult a limited class of documents . . . to

7

determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281.[2] Alternative *elements*, however, must be differentiated from alternative *means*: a single element that can be violated by "various factual means" is unlike a list of several elements in that the various factual means are not part of the "crime's legal definition— the things the 'prosecution must prove to sustain a conviction.'" *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (quoting Black's Law Dictionary 634 (10th ed. 2014)).

Glass argues that the "delivery" alternative element in § 780-113(a)(30) is categorically broader than the analogous Guidelines elements, and is itself indivisible. This argument is not frivolous. The Guidelines definition of a generic predicate controlled substance offense extends to "the manufacture, *import, export, distribution, or dispensing* of a controlled substance," and also to possession "with intent to manufacture, *import, export, distribute or dispense*." U.S.S.G. § 4B1.2(b) (emphasis added). Pennsylvania's offense, by comparison, covers "the manufacture, *delivery*, or possession with intent to manufacture or *deliver*," and the "knowingly creating, *delivering* or possessing with intent to *deliver*." 35 Pa. Stat. Ann. § 780-113(a)(30). Thus, where the Guidelines use "import, export, distribution, and dispensing," Pennsylvania uses "delivery." These terms are certainly not the "same." *Descamps*, 133 S. Ct. at 2281. But is "delivery" broader than the Guidelines terms? Or is the Venn diagram of "delivery"

---

[2] Examples of appropriate documents are the indictment, jury instructions, plea colloquy, and plea agreement from the prior offense. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016); *Descamps*, 133 S. Ct. at 2285 n.2. The point is to examine documents that reveal the elements of the crime for which the defendant was convicted. *Descamps*, 133 S. Ct. at 2283.

fully concentric with the conduct that constitutes "import, export, distribution, or dispensing"? That is the dispositive question here—and it is a fair one.

Supporting Glass's position is *United States v. Hinkle*, 832 F.3d 569, 575-76 (5th Cir. 2016), in which the court held that the "delivery" element in an analogous Texas statute is broader than the Guidelines offense, because a person can "deliver" a drug even by offering to sell the drug, without actually completing the sale, whereas importing, exporting, distributing, and dispensing require more than an offer. The Fifth Circuit reasoned that a conviction for a violation of Texas's possession with intent to deliver statute could not serve as a predicate offense for a career offender designation, because "[t]he Government concedes that if Hinkle were convicted of delivering a controlled substance 'by offering to sell' that substance, the crime would not come within the definition of a controlled substance offense under § 4B1.2." *Id.* at 572.

The *Hinkle* case was recently distinguished by a panel of our Court in a non-precedential opinion which held that New York's use of the term "delivery" in its controlled substances law was narrower than the Texas law, and so *Hinkle*'s rule did not apply. *United States v. Santana*, 677 F. App'x 744, 746 (3d Cir. 2017). But we are aware of no similar precedent interpreting Pennsylvania's law.

Thus, on its face, there is at least a nonfrivolous argument that Pennsylvania's law is more like Texas's than New York's. Pennsylvania, like Texas, defines "delivery" to include the "attempted transfer" of a drug, which could arguably extend to offers to sell, as did the Texas statute. *See* 35 Pa. Stat. Ann. § 780-102(b) (defining "Delivery"). And Pennsylvania, like Texas, defines delivery in the same manner that the *Hinkle* court found

9

to render Texas's delivery-definition indivisible.  *Hinkle*, 832 F.3d at 575-76.  Those aspects of the Texas statute contributed to it being too broad to constitute a Guidelines career offender predicate, and the same nonfrivolous argument may be made in Glass's case.  Perhaps the argument will not carry the day, but it is sufficiently weighty to deny an *Anders* motion.

## V.

In light of the presence of nonfrivolous issues, the Court will deny the *Anders* motion.  The Clerk is ordered to restore the case to the calendar, fix a briefing schedule, and appoint new counsel to represent Glass.